**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52633**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 11, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| AUSTIN ALLEN GENIUS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, Senior District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of four years, for first degree stalking, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Austin Allen Genius pled guilty to first degree stalking, Idaho Code § 18-7905. In exchange for his guilty plea, a persistent violator allegation was dismissed. The district court imposed a unified term of five years with four years determinate to run consecutively with the sentence in another case. Genius filed an Idaho Criminal Rule 35 motion which was denied.[1] Genius appeals, contending that the district court abused its discretion by imposing an excessive sentence.

_____

[1] The denial of Genius's Idaho Criminal Rule 35 motion is not at issue in this appeal.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Genius's judgment of conviction and sentence are affirmed.